## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**ANNA HALL**                                                    **CIVIL ACTION**


**VERSUS**                                                        **NO. 15-67**


**BOARD OF SUPERVISORS OF COMMUNITY**
**AND TECHNICAL COLLEGES ET AL.**                  **SECTION "H"**


### ORDER AND REASONS

Before the Court is Defendant the Board of Supervisors of Community and Technical Colleges' Motion to Dismiss (R. Doc. 5). For the following reasons, the Motion is GRANTED.


### BACKGROUND

This case arises out of the termination of Plaintiff, Dr. Anna Hall, from her job as a professor at Delgado Community College.  Plaintiff alleges that she began working as an instructor at Delgado in August of 1997. In September of 2013, Dr. Hall took sick leave for a period of six days.  She alleges that she was then suspended from her duties in November of 2013 when her medical issues

1

resurfaced and was terminated in December of 2013.  She states that she was not given a written explanation of her suspension and that the written reason indicated for her termination was "poor performance."  She further alleges that Delgado failed to follow its own internal procedures in her termination, including its professor evaluation policy, its formal grievance policy, and its notice provisions. Her Complaint states that she "was an unclassified employee whose termination could only be implemented for cause. She was not an 'at-will' employee." Plaintiff's chief complaints appear to be wrongful termination, denial of due process rights, and failure to provide reasonable accommodations for her disability.  Plaintiff first filed her Complaint in state court against Delgado Community College ("Delgado"), the Louisiana Community and Technical College System ("LCTCS"), the Board of Supervisors of Community and Technical Colleges,[1] the Louisiana Board of Regents, and FARA.

Defendant the Board of Supervisors of Community and Technical Colleges removed the case to this Court and then filed the instant Motion to Dismiss. Movant is the only defendant currently joined in this action.  Movant asserts that Plaintiff's Complaint fails to allege any cause of action for which relief can be granted and should be dismissed with prejudice.  Specifically, it argues that: (1) two of the other defendants in this action do not have the procedural capacity to be sued; (2) Movant has sovereign immunity from Plaintiff's claims under the Americans with Disabilities Act ("ADA"); and (3) Movant is not a "person" under the terms of 42 U.S.C. § 1983 and thus cannot be sued for violations of due

---

[1] Plaintiff's state court Complaint incorrectly referred to this Defendant as the Board of Supervisors of the Louisiana Community and Technical College System.

process.  This Court will address each of Movant's arguments in turn.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[2] A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the reasonable inference that the defendant is liable for the misconduct alleged."[3] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[4] The Court need not, however, accept as true legal conclusions couched as factual allegations.[5]

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[6] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice.[7] Rather, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim.[8]

---

[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[3] *Id.*

[4] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir.2009).

[5] *Iqbal*, 556 U.S. at 667.

[6] *Id.*

[7] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).

[8] *Lormand*, 565 F.3d at 255–57.

## LAW AND ANALYSIS

### I. Procedural Capacity of Delgado and LCTCS

Movant's first ground for dismissal is that Defendants Delgado and the LCTCS are not juridical entities with the procedural capacity to sue and be sued. Movant states that both Delgado and LCTCS are simply the names of a school and a collection of schools, respectively.

According to Federal Rule of Civil Procedure17:

Capacity to sue or be sued is determined as follows: (1) for an individual who is not acting in a representative capacity, by the law of the individual's domicile; (2) for a corporation, by the law under which it was organized; and (3) for all other parties, by the law of the state where the court is located . . . .

Plaintiff's Complaint alleges only that Delgado and LCTCS are agencies or instrumentalities of the government.  Accordingly, they are neither individuals nor corporations, and their procedural capacity should be determined by the law of Louisiana, where this Court is located.

Under Louisiana law, "[a]n entity must qualify as a juridical person to have the capacity to be sued."[9] "A juridical person is an entity to which the law attributes personality, such as a corporation or a partnership."[10]  The Louisiana Supreme Court has stated that:

The important determination with respect to the juridical status or legal capacity of an entity is not its creator, nor its size, shape, or label. Rather the determination that must be made in each particular case is whether the entity can  appropriately be regarded

---

[9] *Dejoie v. Medley*, 945 So. 2d 968, 972 (La. Ct. App. 2 Cir. 2006).

[10] La. Civ. Code art. 24.

as an additional and separate government unit for the particular purpose at issue. In the absence of positive law to the contrary, a local government unit may be deemed to be a juridical person separate and distinct from other government entities, when the organic law grants it the legal capacity to function independently and not just as the agency or division of another governmental entity.   Such a determination will depend on an analysis of specifically what the entity is legally empowered to do.[11]

Plaintiff points this Court's attention to Louisiana Revised Statute section 17:1871 to support her argument that Delgado and LCTCS have procedural capacity because this statute grants them the authority to manage and supervise their own systems.  To the contrary, section 17:1871 provides for the creation of the Board of Supervisors of Community and Technical Colleges, the Movant herein, and grants the Board the power to supervise and manage certain institutions of higher education.  Indeed, nowhere in this statute, or any other located by this Court, is Delgado or LCTCS granted the authority to do anything. Louisiana Revised Statute section 17:3217.2 states that "[e]ffective July 1, 1999, Delgado Community College . . . is transferred to the [LCTCS] under the management of the Board of Supervisors of Community and Technical Colleges." Louisiana Revised Statute section 17:3217.1 further states that "the [LCTCS] is composed of the institutions under the supervision and management of the Board of Supervisors of Community and Technical Colleges as follows: . . . (4) Delgado Community College."  Accordingly, it seems clear that Delgado and the LCTCS do not function independently but are merely agencies or divisions under

---

[11] *Roberts v. Sewerage & Water Bd. of New Orleans,* 634 So. 2d 341, 346–47 (La. 1994) (internal citations omitted).

5

the management of another governmental entity—the Board of Supervisors of Community and Technical Colleges.  Therefore, this Court holds that Delgado and LCTCS are not juridical entities and thus do not have the capacity to be sued.[12]  They are dismissed from this suit with prejudice.

## II. ADA Reasonable Accommodations Claim

In her Complaint, Plaintiff attempts to bring a claim for the denial of reasonable accommodations for her disability under the ADA.  "Under the ADA, it is unlawful for an employer to fail to accommodate the known limitations of an employee's disability."[13]  Movant has identified three grounds on which this claim should be dismissed, and this Court holds that each of them has merit.

### A. Failure to State a Claim

First, Plaintiff's Complaint fails to state a claim under the ADA.  It fails to even identify her disability or what accommodation should have been provided.  Indeed, Plaintiff merely makes the conclusory allegation that the defendants failed to make "reasonable accommodations for a disability."  A "threshold requirement in any case brought under the ADA is a showing that the

---

[12] *See also Okuarume v. S. Univ. of New Orleans*, No. 95-1500, 1995 WL 755589, at *3 (E.D. La. Dec. 19, 1995) ("Defendants move to dismiss plaintiff's complaint insofar as it names Southern University of New Orleans as a defendant. Indeed, defendants contend that La. Rev. Stat. Ann. § 17:3216 provides that Southern University of New Orleans is not a juridical person but rather, an entity under the supervision of the Board of Supervisors of Southern University. The Board of Supervisors of Southern University, not Southern University, has the corporate authority, internal and otherwise, to supervise and manage the university system under its jurisdiction. *See* La. Rev. Stat. Ann. § 17:3218. Thus, Southern University does not have the capacity to be sued in this case.").

[13] *Griffin v. United Parcel Serv., Inc.*, 661 F.3d 216, 224 (5th Cir. 2011).

plaintiff suffers from a disability protected under the Act."[14] Plaintiff's Complaint is woefully insufficient as she has plead no facts upon which this Court could grant relief.

Second, Plaintiff has not alleged that she has exhausted her administrative remedies by first filing with the EEOC.  It is well-settled that before bringing suit, a "plaintiff must comply with the ADA's administrative prerequisites, which include the timely filing of a disability discrimination charge with the EEOC."[15]  In her defense, Plaintiff argues that because Movant removed the case to this Court, it should not be allowed to argue that Plaintiff has not exhausted her administrative remedies.  Plaintiff erroneously states that she "had a right to file her lawsuit in state court without filing an EEOC claim." Plaintiff has not provided, nor can this Court find, any law or case stating such. State courts and federal courts have concurrent jurisdiction over ADA claims,[16] and Plaintiff would have been required to comply with the ADA's exhaustion requirement to bring a claim in either court.  If she intended to bring a claim only under Louisiana's disability discrimination laws, Plaintiff would still have been required to give Defendants written notice of her intent to file suit at least thirty days before initiating court action, detail the alleged discrimination, and make a good faith effort to resolve the dispute.[17]  Plaintiff's Complaint does not

---

[14]  *Bennett v. Calabrian Chemicals Corp.*, 324 F. Supp. 2d 815, 825 (E.D. Tex. 2004) *aff'd*, 126 F. App'x 171 (5th Cir. 2005).

[15] *Crawford v. Harris Cnty. Juvenile Prob. Dep't*, 31 F. App'x 159 (5th Cir. 2001);  *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996).

[16] *Hapgood v. City of Warren*, 127 F.3d 490, 494 (6th Cir. 1997).

[17] La. Rev. Stat. § 23:303.

indicate that either requirement was met. Accordingly, Plaintiff's Complaint is dismissed without prejudice for failure to state a claim.  Plaintiff is granted leave to amend her Complaint to remedy the deficiencies identified herein and state a claim on which relief can be granted.

### B. Movant's Sovereign Immunity

In addition, Movant argues that it is entitled to Eleventh Amendment immunity from suit under the ADA.  "The Eleventh Amendment bars an individual from suing a state in federal court unless the state consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity.[18] The Supreme Court has held that Congress did not validly abrogate the states' Eleventh Amendment immunity in enacting Title I of the ADA,[19] and the Fifth Circuit extended this analysis to Title II of the ADA.[20]  Therefore, Plaintiff's vague assertion that her claim could fall under either title is without consequence.  The State is entitled to immunity in either case.

The Fifth Circuit has stated that:

> Even in cases where the State itself is not a named defendant, the State's Eleventh Amendment immunity will extend to any state agency or other political entity that is deemed the "alter ego" or an "arm" of the State. In other words, the Eleventh Amendment will bar a suit if the defendant state agency is so closely connected to the State that the State itself is the real, substantial party in interest. The Eleventh Amendment will not bar a suit, though, if the political entity possesses an identity sufficiently distinct from that of the

---

[18] *Henry v. Bd. of Pardons & Paroles*, 57 F. App'x 212 (5th Cir. 2003).

[19] *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 374 (2001).

[20] *Reickenbacker v. Foster*, 274 F.3d 974, 978 (5th Cir. 2001).

State.[21]

It is well-settled in the Fifth Circuit that institutions of higher education and their boards are arms of the state entitled to immunity.[22]  Indeed, this district has already held that, as a state agency, Movant is entitled to sovereign immunity.[23]  This Court reaches the same result here and holds that Movant is entitled to sovereign immunity from Plaintiff's claims under the ADA. Accordingly, Plaintiff's ADA claims against Movant are dismissed with prejudice.

---

[21] *Vogt v. Bd. of Comm'rs of Orleans Levee Dist.*, 294 F.3d 684, 688–89 (5th Cir. 2002) (internal citations and quotations omitted).

[22] *Johnson-Blount v. Bd. of Sup'rs for S. Univ.*, 994 F. Supp. 2d 780, 784 (M.D. La. 2014) (noting that the "Fifth Circuit has directly held that Southern University and its Board of Supervisors qualify as an arm of the State of Louisiana and, as such, are entitled to Eleventh Amendment immunity"); *Mathai v. Bd. of Sup'rs of Louisiana State Univ. & Agr. & Mech. Coll.*, 959 F. Supp. 2d 951, 957 (E.D. La.) aff'd, 551 F. App'x 101 (5th Cir. 2013) (noting that "[c]ourts consider the LSU Board of Supervisors to be an arm of the state for purposes of Eleventh Amendment immunity").

[23] *Robinett v. Delgado Cmty. Coll.*, No. 99-2545, 2000 WL 798407, at *3 (E.D. La. June 19, 2000); *see also Sternberger v. Jones*, No. 95-115, 1995 WL 377057, at *2 (E.D. La. June 23, 1995) ("The State characterizes Delgado Community College as a state agency. La. Rev. Stat. § 13:5102. The school is under the supervision and management of a board of trustees, all of whom are appointed by the governor and serve at the pleasure of the governor. La. Rev. Stat. § 3217. While the school is located in New Orleans, Louisiana, it is part of a state-wide system of higher public education and is open to all residents of Louisiana. Finally, school property is held in the name of the board of trustees, and the school lacks capacity under Louisiana law to sue or be sued. La. Rev. Stat. § 3351. Under these circumstances, the school is an arm of the state, and the Eleventh Amendment prohibits plaintiff from maintaining an action directly against Delgado in federal court."); *Folse v. Delgado Cmty. Coll.*, 776 F. Supp. 1133, 1137 (E.D. La. 1991) (holding that state was real party in interest in suit against Delgado Community College because college was created by state law, state would pay judgment against college, state government appointed members of board of trustees, and board of trustees had authority to supervise and manage the community college).

### III. Violation of Due Process Claim

Plaintiff's Complaint alleges that she was denied due process during her termination from Delgado.   In order to bring a claim for the violation of a constitutional right, Plaintiff must do so through the vehicle of 42 U.S.C. § 1983.

*A. Failure to State a Claim*

Movant first argues that Plaintiff's Complaint fails to state a claim for a violation of due process because she did not establish a property interest in her employment.  "In a section 1983 cause of action asserting a due process violation, a plaintiff must first identify a life, liberty, or property interest protected by the Fourteenth Amendment and then identify a state action that resulted in a deprivation of that interest."[24] "A public employee has a property interest in her job if she has a legitimate claim of entitlement to it, a claim which would limit the employer's ability to terminate the employment.  That claim of entitlement, however, must be determined by reference to state law."[25]

> Under Louisiana law, a public employee can have a property interest in their job if: (1) the employer contracted with the employee to fire him only for cause, or (2) the employee is a permanent classified employee under the Louisiana Civil Service system. *Wallace v. Shreve Mem'l Library*, 79 F.3d 427, 429 (5th Cir. 1996). Louisiana law recognizes a presumption that an individual's employment is "at will" unless there is a specific statutory requirement or the relationship has been altered by either express contract limiting the conditions of termination. La. Civ. Code art. 2747; *Jackson v. E. Baton Rouge Parish Indigent Defender's Bd.*, 353 So.2d 344, 345 (La.App. 1 Cir.1977).  Unclassified public

---

[24] *Blackburn v. City of Marshall*, 42 F.3d 925, 935 (5th Cir. 1995).

[25] *Johnson v. Sw. Mississippi Reg'l Med. Ctr.*, 878 F.2d 856, 858 (5th Cir. 1989).

employees may be discharged without cause. *Guillory v. St. Landry Parish Police Jury*, 802 F.2d 822, 825 (5th Cir.1986). Furthermore, a terminated at-will employee cannot claim any due process protection under the Fourteenth Amendment. *Griffith v. Louisiana*, 808 F. Supp. 2d 926, 940-41 (E.D. La. 2011).[26]

Accordingly, in order for Plaintiff to establish that "she has a property interest in her job, she must establish that she is not an employee at will."[27] Plaintiff's Complaint confusingly and contradictorily states that she "was an unclassified employee whose termination could only be implemented for cause. She was not an 'at-will' employee."  She does not, however, allege to have had a contract with Delgado that provided she could only be fired for cause.  In fact, her Complaint admits that she did not have tenure.  In addition, Article X, Section 2 of the Louisiana Constitution specifically lists teachers at state colleges and universities as unclassified employees.  Accordingly, Plaintiff's Complaint does not adequately allege a property interest in her employment and thus does not support a claim for the violation of due process.  Plaintiff's due process claims are dismissed without prejudice, and she is granted leave to amend.

### B. Movant Is Not a "Person" Under the Terms of § 1983

Movant next argues that the due process claims against it should be dismissed because it is not a "person" under the terms of § 1983.  Section 1983 provides a civil remedy in federal court for violations by any "person," under color of state law, of another's constitutionally recognized rights, privileges, or

---

[26] *Griffith v. Louisiana*, 808 F. Supp. 2d 926, 940 (E.D. La. 2011).

[27] *Wallace v. Shreve Mem'l Library*, 79 F.3d 427, 429–30 (5th Cir. 1996).

immunities.[28]  The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983."[29]   Having established above that Movant is an arm of the state, the due process claims against it are easily dismissed as well.  Indeed the Fifth Circuit has expressly held that "state universities, as 'arms of the state,' are not 'persons' under § 1983."[30]  Accordingly, Plaintiff's § 1983 claim against Movant must be dismissed with prejudice.

---

[28] *Klingler v. Univ. of S. Mississippi, USM*, No. 14-60007, 2015 WL 2169323, at *2 (5th Cir. May 11, 2015).

[29] *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

[30] *Klingler*, 2015 WL 2169323, at *2.

## CONCLUSION

For the foregoing reasons, Movant's Motion is GRANTED. Delgado and LCTCS are DISMISSED WITH PREJUDICE. Plaintiff's ADA reasonable accommodations claim and due process claim against the Movant Board of Supervisors for the Louisiana Community and Technical College System are DISMISSED WITH PREJUDICE.

Plaintiff's ADA reasonable accommodations claim and due process claim are DISMISSED WITHOUT PREJUDICE as to all other defendants. Plaintiff is given leave to amend her Complaint within 20 days of this order to remedy the deficiencies identified herein and plausibly state a claim upon which relief can be granted.

New Orleans, Louisiana, this 18th day of May, 2015.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

13