## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**ANNA HALL**                                        **CIVIL ACTION**

**VERSUS**                                            **NO. 15-67**

**DELGADO COMMUNITY COLLEGE ET AL.**        **SECTION "H"**

## ORDER AND REASONS

Before the Court is Defendant F.A. Richard & Associates, Inc.'s Motion to Dismiss (R. Doc. 16). For the following reasons, the Motion is GRANTED.

## BACKGROUND

This case arises out of the termination of Plaintiff, Dr. Anna Hall, from her job as a professor at Delgado Community College.  Plaintiff alleges that she began working as an instructor at Delgado in August of 1997. In September of 2013, Dr. Hall took sick leave for a period of six days.  She alleges that she was then suspended from her duties in November of 2013 when her medical issues resurfaced and was terminated in December of 2013.  She states that she was not given a written explanation of her suspension and that the written reason

1

indicated for her termination was "poor performance."  She further alleges that Delgado failed to follow its own internal procedures in her termination, including its professor evaluation policy, its formal grievance policy, and its notice provisions.  Plaintiff's chief complaints appear to be wrongful termination, denial of due process rights, and failure to provide reasonable accommodations for her disability.  Plaintiff first filed her Complaint in state court against Delgado Community College ("Delgado"), the Louisiana Community and Technical College System ("LCTCS"), the Board of Supervisors of Community and Technical Colleges,[1] the Louisiana Board of Regents, and F.A. Richard & Associates, Inc. ("FARA").

Defendant the Board of Supervisors of Community and Technical Colleges removed the case to this Court and then filed a motion to dismiss. The Court granted the motion, dismissing the defendants Delgado and LCTCS and the claims for ADA reasonable accommodations and due process violations. Subsequently, Defendant FARA filed the instant Motion to Dismiss for failure to state a claim upon which relief can be granted.  FARA's Motion argues that Plaintiff has no claim against FARA under Louisiana's Direct Action Statute because FARA is not an insurance provider.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough

---

[1] Plaintiff's state court Complaint incorrectly referred to this Defendant as the Board of Supervisors of the Louisiana Community and Technical College System.

facts "to state a claim to relief that is plausible on its face."[2]  A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the reasonable inference that the defendant is liable for the misconduct alleged."[3]  A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[4]  The Court need not, however, accept as true legal conclusions couched as factual allegations.[5]

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[6]  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice.[7]  Rather, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim.[8]

## LAW AND ANALYSIS

FARA filed the instant Motion to Dismiss for Plaintiff's failure to state a claim upon which relief may be granted. Plaintiff has not opposed this Motion. The Court may not, however, simply grant the instant Motion as unopposed.

---

[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[3] *Id.*

[4] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

[5] *Iqbal*, 556 U.S. at 667.

[6] *Id.*

[7] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).

[8] *Lormand*, 565 F.3d at 255–57.

The Fifth Circuit approaches the automatic grant of dispositive motions with considerable aversion.[9]   Accordingly, this Court has considered the merits of FARA's Motion.

In its Motion, FARA contends that it is an improper defendant in this action pursuant to Louisiana's Direct Action Statute.  Louisiana's Direct Action Statute allows plaintiffs to bring a direct action against their liability insurers.[10]  The statute explicitly states that an injured person may bring an action against the "insurer."[11]   It is undisputed that FARA is not an insurer.   Indeed, the Plaintiff's Complaint states that FARA is a third-party administrator for the Louisiana Office of Risk Management.  In addition, Plaintiff's Complaint does not make any specific allegations against FARA or even mention its role or actions as third-party administrator.  Thus, Plaintiff has failed to sufficiently plead facts under which FARA could be held liable.  Accordingly, Plaintiff's claims against FARA are dismissed.

## CONCLUSION

For the foregoing reasons, Movant's Motion is GRANTED.   Plaintiff's claims against FARA are DISMISSED WITHOUT PREJUDICE.  Plaintiff is given leave to amend her Complaint within 20 days of this Order to the extent

---

[9] *See, e.g.*, *Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 806 (5th Cir. 2012); *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (per curiam); *John v. State of Louisiana (Bd. of Trs. for State Colls. and Univs.)*, 757 F.2d 698, 709 (5th Cir. 1985).

[10] La. Rev. Stat. § 22:1269.

[11] *Id.*

that she can plausibly state a claim against FARA in its role as the third-party administrator for Louisiana's Office of Risk Management.

New Orleans, Louisiana, this 10th day of September, 2015.

_____
JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE

5